LASASSO LAW GROUP PLLC
Attorneys for Plaintiff
Office and Post Office Address
80 Maiden Lane, Suite 2205
New York, New York 10038
(212) 421-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
MICHAEL GERARD,

                              Plaintiff,           **VERIFIED COMPLAINT**

           -against-                            Civil Action No.: 12-CV-8737

THE CITY OF NEW YORK; NYPD COMMISSIONER
RAYMOND KELLY, OFFICER MICHAEL CALDWELL
and JOHN DOES 1-5,                          Jury Trial Demanded


                             Defendants.
---------------------------------------------------------------------------X

        Plaintiff Michael Gerard (hereinafter "GERARD"), by his attorneys LaSasso Law Group PLLC, complaining of Defendants alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 26 U.S.C. 1331 (3) and (4) due to Defendants' violations of Section 42 U.S.C. 1983 as well as various provisions of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. Section 1391, based on the fact that GERARD's residence and the place where the unlawful acts complained of herein occurred.

3. The Court is requested to invoke pendent jurisdiction under 28 U.S.C. 1367(a) with respect to Plaintiff's claims arising under New York State law.

1

4. Each and all of the acts of the Defendants herein were done by the Defendants, their servants, agents and/or employees under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their offices as officers of the City of New York and State of New York.

5. That on or about May 16, 2012, and within the 90 days after the cause of action herein arose and more than 30 days prior to the commencement of the action, Plaintiff duly presented, served and filed a Notice of Claim with Defendants pursuant to New York General Municipal Law ("GML") § 50-i, and this action was commenced within one year and 90 days after said cause of action herein accrued.

6. Prior to the commencement of this action, Plaintiff has duly complied with all the conditions precedent for the bringing of this action, and Plaintiff has complied with the provisions and statutes in such cases made and provided, in particular, on or about May 16, 2012, and within 90 days after the cause of action herein accrued and more than 30 days prior to the commencement of this action, Plaintiff duly presented, served and filed a Notice of Claim herein with the Defendants, pursuant to GML § 50-i, for an adjustment of damages sustained by Plaintiff herein upon which this cause of action is based; and thereafter the Defendants for a period of more than 30 days before the commencement of this action neglected and refused to make an adjustment for payment on said claim, said claim remains unadjusted and unpaid although Plaintiff has duly demanded that same be paid and adjusted.

7. That, on July 30, 2012, Defendants, by their attorney, conducted an examination of Plaintiff pursuant to GML § 50-h.

**PARTIES**

8. GERARD is a 35-year old citizen of the United States and resident of the County of New York, State of New York.

9. At all times hereinafter mentioned, CITY OF NEW YORK ("CITY") was/is a municipal body of the State of New York, with the offices of its Law Department at 100 Church Street, New York, New York 10007. Said municipality exists and operates under and by virtue of the laws of the State of New York and operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the defendants herein.

10. At all times hereinafter mentioned, RAYMOND W. KELLY (hereinafter "KELLY") was/is the Commissioner of the NYPD with an office located at One Police Plaza, New York, New York.

11. At all times hereinafter mentioned, OFFICER MICHAEL CALDWELL (hereinafter "CALDWELL") was/is a police officer employed by the NYPD with an office located at One Police Plaza, New York, New York.

12. At all times hereinafter mentioned, the CITY maintained, managed and controlled the NYPD.

13. At all times hereinafter mentioned, the CITY, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of the CITY.

14. At all times hereinafter mentioned, the CITY employed police officers, known herein as CALDWELL, to work as representatives of the CITY.

15. At all times hereinafter mentioned, the CITY had the duty to ensure that the actions, activities and behavior of its said servants, agents, police offices, detectives and/or

employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

16. At all times hereinafter mentioned, the CITY had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including GERARD.

17. At all times hereinafter mentioned, CALDWELL and JOHN DOES # 1-5, said names being fictitious and presently unknown, were police officers, servants, agents, employees and/or representatives of the CITY.

18. At all times hereinafter mentioned, KELLY supervised and controlled CITY police officers, including CALDWELL.

19. At all times hereinafter mentioned, KELLY, as NYPD Commissioner employed police officers, known herein as CALDWELL, to work as representatives of the CITY and NYPD.

20. At all times hereinafter mentioned, KELLY had the duty to ensure that the actions, activities and behavior of his said servants, agents, police offices, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

21. At all times hereinafter mentioned, KELLY had a duty to ensure that his said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including GERARD.

## FACTUAL ALLEGATIONS

22. On December 12, 2009 at approximately 2:45 AM, GERARD was walking home from a friend's house while speaking with his fiancé on his mobile phone.

23. As he crossed the street to enter a convenience store, GERARD was approached by CALDWELL, who was dressed in plain clothes.

24. CALDWELL put his hands in GERARD's face to get his attention.

25. When GERARD looked at CALDWELL, CALDWELL asked GERARD if he was carrying drugs or firearms.

26. GERARD stated that he was not, and continued to walk home.

27. After GERARD passed CALDWELL, CALDWELL grabbed GERARD from behind and forced him to the ground.

28. At this time, CALDWELL was joined by at least one other police officer.

29. Without reasonable suspicion to do so, CALDWELL then frisked and arrested GERARD.

30. As a result of CALDWELL's illegal seizure, GERARD was charged with possession of a controlled substance and possession of a weapon.

31. During a suppression hearing, the lower court improperly held that CALDWELL's seizure of GERARD was supported by reasonable suspicion.

32. Upon information and belief, at the hearing CALDWELL offered false and misleading testimony in an attempt to legitimize his illegal actions.

33. As a result of the wrongful denial of GERARD's suppression motion, GERARD was advised to enter a plea of guilty to a felony charge of criminal possession of a weapon in the second degree.

34. GERARD entered a guilty plea and was sentenced on September 14, 2010 to a term of eight years in prison.

35. GERARD remained incarcerated from the date of arrest on December 12, 2009 to the date of his release in April 2012.

36. On April 19, 2012, the Appellate Division, First Department, unanimously overturned GERARD's conviction, dismissed the indictment and granted GERARD's suppression motion.

37. The Appellate Division, First Department held that at the time GERARD was stopped by CALDWELL, CALDWELL did not possess the requisite reasonable suspicion required to stop and frisk GERARD.

38. Further, the Appellate Division, First Department held that GERARD's attempt to stop CALDWELL from touching his person was justified as it was an "immediate, spontaneous and proportionate reaction to the seizure that was illegal because it was not based on reasonable suspicion."

39. From the date of arrest to the date of his release on April 20, 2012, GERARD spent more than 28 months in prison.

40. Prior to his confinement, GERARD was a union employee who worked as a bender.

41. Through this employment, GERARD received a salary, medical benefits and a pension.

42. As a result of his confinement, GERARD lost his job as a bender and his status with the union.

43. During his confinement, GERARD suffered from depression and suicidal thoughts.

44. During his confinement, GERARD was suffered humiliation, embarrassment, anxiety and ridicules.

45. During his confinement, GERARD was subjected to strip searches and solitary confinement.

46. During his confinement, GERARD was physically assaulted.

47. During his confinement, Gerard suffered from medical problems without proper treatment.

48. During his confinement, GERARD missed the birth of his daughter.

**AS AND FOR A FIRST CAUSE OF ACTION**
**42 U.S.C § 1983 – FALSE ARREST**

49. GERARD hereby repeats and realleges each and every allegation in paragraphs 1 through 48, inclusive, as if fully set forth herein.

50. As described above, CALDWELL, fabricated a reasonable suspicion to support his illegal seizure of GERARD.

51. These actions demonstrate that CALDWELL played an active role in the arrest and prosecution of GERARD, gave advice and encouragement to the NYPD, procured the arrest of GERARD to be made, and through these actions showed active, officious and undue zeal.

52. Had the CITY and/or KELLY performed a proper, thorough and objective investigation, the CITY and/or KELLY would have determined that CALDWELL did not possess the requisite reasonable suspicion to support CALDWELL's seizure of GERARD.

53. The impetus for the arrest, arraignment, indictment and denial of GERARD's suppression motion were the false statements made by CALDWELL regarding the circumstances of the seizure.

54. This misconduct was magnified by the CITY and/or KELLY's neglect to: (a) properly investigate the matter; (b) focus on the totality of the evidence; (c) perform a thorough and objective investigation; (d) properly supervise the investigating officers; and (e) have proper policies and safeguards in place to prevent such gross misuse of power and authority.

55. In fact, CALDWELL did not have probable cause or reasonable suspicion to arrest GERARD and seize GERARD's person.

56. Without probable cause, reasonable suspicion, or any legal right, Defendants, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously held GERARD against his will while he was aware of the confinement.

57. CALDWELL, in arresting and detaining GERARD without probable cause, or reasonable suspicion that probable cause existed, abused his power and authority as employees of the CITY and under color of state and/or local law.

58. Upon information and belief, it was the deliberate choice, policy and custom of Defendants CITY and KELLY to fail to adequately supervise and train their police officers, including CALDWELL, in a manner to discourage unlawful arrests, causing CALDWELL to arrest GERARD without probable cause or a reasonable suspicion.

59. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant CITY and/or KELLY, including CALDWELL,

believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

60. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the CITY, including KELLY, to the constitutional rights of persons residing and doing business within the CITY, and were the cause of violations of GERARD's rights alleged herein.

61. By reason of their acts and omissions, CALDWELL, acting under color of state law and within the scope of his authority, in gross and wanton disregard of GERARD's rights, subjected GERARD to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a result of the Defendants conduct, GERARD has suffered deprivation of liberty and privacy, has been adversely affected in employment, business and in ordinary life's pursuits and, in addition, suffered emotional distress and was caused, permitted and allowed to fear for his safety, suffer humiliation, embarrassment, anxiety and ridicule.  GERARD has suffered all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of GERARD's life.

63. In addition, the acts of Defendants were so egregious and reprehensible and were performed in a manner which violated the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all damages suffered by GERARD and in addition to all of the measures of relief to which GERARD may properly be entitled to herein, Defendants should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

64. GERARD therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted upon GERARD in the sum of Five Million Dollars, including punitive damages, as well as attorney's fees and all other damages available under the statue upon which this action is predicated.

### AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C § 1983 – MUNICIPAL VIOLATIONS

65. GERARD hereby repeats and realleges each and every allegation in paragraphs 1 through 64, inclusive, as if fully set forth herein.

66. At all times material to this Complaint, Defendants CITY and KELLY had in effect *de facto* policies, practices, customs and usages that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the violations, damages and injuries complained of herein.

67. Defendants CITY and KELLY, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior for decades, rising to the level of a policy, custom and systemic condoned practice, which has deprived GERARD and other individuals similarly situated of rights, privileges and immunities secured by the Constitution and by federal statute, in violation of 42 U.S.C. § 1983. These actions were and continue to be condoned, adopted and fostered by CITY and policy makers, including but not limited to, Defendant KELLY.

68. Defendants intentionally and knowingly acted under color of law in an attempt to wrongfully, falsely and unlawfully charge and arrest GERARD without reasonable suspicion to do so.

69. Defendants intentionally and knowingly acted under color of law in an attempt to wrongfully, falsely and unlawfully charge and arrest GERARD. These actions were

carried out by the Defendants in large part due to the culture of police misconduct that has plagued the CITY for years, and is exemplified by recent discovery of the NYPD's failure to properly perform legal stop and frisks.

70. Defendants CITY and KELLY were aware of the systemic, widespread misconduct of its employees and the practice of its employees failing to perform legal stop and frisks, yet both the CITY and KELLY acted with deliberate indifference by: (a) failing to address remedy or change said systemic practices; (b) ignoring court orders and arbitrations rulings related to said infractions; (c) and by defending the pattern and practice of unlawful acts carried out in furtherance of justifying illegal seizures, both against GERARD and on a wide scale level.

71. Out of deliberate indifference and/or and unofficial custom and policy, Defendants CITY and Kelly failed to adequately train or supervise their higher level supervisors, as to the Civil Rights laws and what constitutes a Civil Rights violation.

72. As a direct and proximate result of said acts, omissions, indifference and custom and policy established by Defendant CITY, and by policymaker/decision-maker KELLY, GERARD has suffered and continues to suffer diminished employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment and damages to his personal and professional reputation.

73. As a result of Defendants CITY and KELLY's acts, GERARD has suffered, and is entitled to damages sustained to date and continuing in excess of Ten Million Dollars, including of punitive damages, costs and attorneys' fees as well as equitable and injunctive relief and any other relief this Court may find just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
## <u>FALSE ARREST UNDER NEW YORK LAW</u>

74. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 73, inclusive, as if fully set forth herein.

75. As described above, CALDWELL, fabricated a reasonable suspicion to support his illegal stop and frisk and seizure of GERARD.

76. These actions demonstrate that CALDWELL played an active role in the arrest and prosecution of GERARD, gave advice and encouragement to the NYPD, procured the arrest of GERARD to be made, and through these actions showed active, officious and undue zeal.

77. Had the CITY and/or KELLY performed a proper, thorough and objective investigation, the CITY and/or KELLY would have determined that CALDWELL did not possess the requisite reasonable suspicion to support CALDWELL's stop, frisk and seizure of GERARD.

78. The impetus for the arrest, arraignment, indictment and denial of GERARD's suppression motion were the false statements made by CALDWELL regarding the circumstances of the stop, frisk and seizure of GERARD.

79. This misconduct was magnified by the CITY and/or KELLY's neglect to: (a) properly investigate the matter; (b) focus on the totality of the evidence; (c) perform a thorough and objective investigation; (d) properly supervise the investigating officers; and (e) have proper policies and safeguards in place to prevent such gross misuse of power and authority.

80. In fact, CALDWELL did not have probable cause or reasonable suspicion to arrest GERARD and seize GERARD's person.

81.     CALDWELL and CITY and/or KELLY pushed this improper arrest and prosecution in order to secure a conviction of GERARD.

82.     Had CITY and/or KELLY Defendants conducted a proper, thorough and objective investigation it would (i) have determined that CALDWELL did not possess the requisite reasonable suspicion or probable cause required to stop, frisk and arrest GERARD.

83.     The investigations of GERARD conducted by the Defendants were performed with gross misconduct, bad faith and with no objectivity whatsoever.

84.     All Defendants were permitted to abuse their power, their positions within the CITY, and the policies and procedures of the CITY and KELLY to further their improper and illegal investigation and arrest of GERARD.

85.     Without probable cause and without any legal right, CALDWELL, while acting within the scope of his authority, intentionally, wrongfully, unlawfully and maliciously held GERARD against his will while he was aware of the confinement.

86.     Defendant CALDWELL, in arresting and detaining GERARD without probable cause, or reasonable belief that probable cause existed, abused his power and authority as an employee of the City of New York and under color of state and/or local law.

87.     Upon information and belief, it was the deliberate choice, policy and custom of Defendants CITY and KELLY to fail to adequately supervise and train their police officers, including CALDEWELL, in a manner to discourage unlawful arrests, causing CALDWELL to stop and frisk and then arrest GERARD without reasonable suspicion or probable cause or a reasonable belief that probable cause existed.

88.     As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant CITY, including CALDWELL, believed that

their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

89. Additionally, the above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of Defendant CITY to the constitutional rights of persons residing and doing business within the CITY, and were the cause of violations of GERARD's rights alleged herein.

90. By reason of their acts and omissions, Defendant CALDWELL acting under color of state law and within the scope of their authority, in gross and wanton disregard of GERARD's rights, subjected GERARD to an unreasonable seizure in violation of New York State Law.

91. In addition, the acts of Defendants were so egregious and reprehensible and were performed in a manner which so violated the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all damages suffered by GERARD and in addition to all of the measures of relief to which GERARD may properly be entitled to herein, Defendants should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

92. GERARD therefore, pursuant to New York State Law, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted upon GERARD in the sum of Five Million Dollars, including punitive damages, as well as attorney's fees and all other damages available under the statue upon which this action is predicated.

<u>JURY DEMAND</u>

93. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GERARD demands trial by jury of all issues so triable.

WHEREFORE, GERARD demands judgment against Defendants as follows:

A. On the First Cause of Action in the sum of Five Million Dollars;

B. On the Second Cause of Action in the sum of Ten Million Dollars;

C. On the Third Cause of Action in the sum of Five Million Dollars;

D. An award of costs of this action including attorney's fees to the Plaintiff pursuant to 42 U.S.C.§ 1988;

E. An award for such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       November 29, 2012

> LASASSO LAW GROUP PLLC
> Attorneys for Plaintiff
> 80 Maiden Lane, Suite 2205
> New York, New York 10038
> (212) 421-6000
>
> By: _____
>      Mariel LaSasso (Attorney ID: ML1225)

TO:

<u>Defendants' Addresses</u>

City of New York
Law Department
100 Church Street
New York, New York 10007

Raymond Kelly
NYPD Commissioner
One Police Plaza,
New York, New York 10038

Officer Michael Caldwell
New York Police Department
One Police Plaza,
New York, New York 10038

## VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK       )

**MICHAEL GERARD**, being duly sworn, deposes and says:

I am the Plaintiff in the within proceeding. I have reviewed the foregoing Verified Complaint and know its contents thereof, which are true to my own knowledge; except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
MICHAEL GERARD

Sworn to before me this
28th day of November, 2012

_____
Notary Public

SUZANNE MILANA
Notary Public State of New York
No. 01MI5038176
Qualified in New York County
Certificate filed in New York County
Commission Expires July 16, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL GERARD,

                              Plaintiff,

  -against-

                                                           Civil Action No.: 12-CV-8737

THE CITY OF NEW YORK; NYPD COMMISSIONER
RAYMOND KELLY, OFFICER MICHAEL CALDWELL
and JOHN DOES 1-5,                              Jury Trial Demanded

                              Defendants.
-------------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

LASASSO LAW GROUP PLLC
*Attorneys for Defendant*
80 Maiden Lane, Suite 2205
New York, New York 10038
(212) 421-6000

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a

Dated: November 30, 2012                              Sign Name: _____

                                                    Print Name:    MARIEL LASASSO
                                                                    LaSasso Law Group PLLC
                                                                    80 Maiden Lane, Suite 2205
                                                                    New York, New York 10038
                                                                    Ph:    (212) 421-6000
                                                                    Fx:    (646) 514-3893
                                                                    *Attorneys for the Plaintiff*